# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| ALEJANDRO ESTRADA-ELOSUA | CIVIL ACTION NO. 12-0531 |
| VS. | JUDGE HAIK |
| PETROLEUM CLUB OF LAFAYETTE | MAGISTRATE JUDGE HILL |

## ORDER REGARDING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is a Motion for Appointment of Counsel filed by plaintiff, Alejandro Estrada-Elosua, on February 28, 2012.[1]

The plaintiff seeks appointment of counsel in connection with this employment discrimination suit under Title VII of the Civil Rights Act, which affords courts discretion to appoint counsel. 42 U.S.C. § 2000e-5(f)(1) ("[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant[.])"

A civil rights plaintiff has no absolute right to an appointed counsel. Rather, the decision of whether to provide counsel lies solely within the discretion of the court. *Salmon v. Corpus Christi I.S.D.*, 911 F.2d 1165, 1166 (5th Cir. 1990); *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (*citing Caston v. Sears, Roebuck & Co.*,

---

[1] Plaintiff is proceeding *in forma pauperis*. *See* Rec. Doc. 4.

556 F.2d 1305 (5th Cir.1977); *Johnson v. City of Port Arthur,* 892 F.Supp. 835, 839 (E.D.Tex.1995).

The Fifth Circuit has set forth three general factors in evaluating applications for appointment of counsel in Title VII cases. *Caston*, 556 F.2d at 1309-10. The factors are: (1) the effort taken by the complainant to obtain counsel on his or her own, (2) the complainant's financial ability to retain counsel, and (3) the merits of the complainant's claims of discrimination. *See also Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir.1984).

The first factor requires a determination regarding plaintiff's efforts to obtain counsel. Plaintiff has documented no efforts to obtain counsel on his own. Consequently, this factor has not been satisfied.

The second factor relates to the plaintiff's Application to Proceed in Forma Pauperis. The undersigned is satisfied that plaintiff has established that he is unable to pay the necessary fees and that he is unable to retain counsel. Consequently, the second factor has been satisfied.

Finally, with respect to the merits of plaintiff's claim, the court must consider the determination of the EEOC. While an unfavorable determination must be considered, it cannot be given preclusive effect. An adverse EEOC determination may "weigh heavily in the scales against appointing an attorney" only when the court

finds "the EEOC determination is supported by substantial evidence in the investigative file and that the plaintiff's objections thereto are patently frivolous." *Caston*, 556 F.2d at 1309; *see also Neal*, 722 F.2d at 250.

The attachments to plaintiff's complaint indicate that claimant filed Charge No. 846-2012-11234 on November 21, 2011. On December 5, 2011, the EEOC indicated that it was closing its file because "[b]ased on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."

In *Neal*, the Fifth Circuit, in reviewing the Magistrate's denial of a request for an attorney, remanded the case, stating that "[t]he Magistrate in this case did nothing more than review the allegations in the complaint." *Neal* at 249. Because very little information was contained in the Complaint and the attached EEOC documents, I find there is insufficient information in the record at this time to make an evaluation of plaintiff's claim.

The Fifth Circuit has acknowledged the propriety of a Magistrate Judge's review of the EEOC investigative file for the purpose of evaluating the merit of a Title VII claim. *Neal,* 722 F.2d at 250. In the instant case, the EEOC's file is not in the record; thus, I will order the EEOC to file a copy of their investigative file of the plaintiff's claims in this record.

**IT IS THEREFORE ORDERED** that the EEOC file a copy of its investigative file, including any computer-generated notes, Alejandro Estrada-Elosua, Charge No. 846-2012-11234, into the record by **May 18, 2012.** Any documents as to which the EEOC asserts the deliberative information privilege shall be produced directly to the offices of the undersigned for *in camera* inspection**.**

**IT IS FURTHER ORDERED** that, upon receipt of the EEOC file, the Clerk shall mail a copy of the file to plaintiff. Plaintiff's response is due ten days from his receipt of the EEOC file.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of this Order to the EEOC, New Orleans District Office, 701 Loyola Ave., Suite 600, New Orleans, LA 70113-9936.

Signed at Lafayette, Louisiana on this 16th day of April, 2012.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

```
Copy sent:  EEOC, New Orleans District Office
On:  4-16-2012
By:  MBD
```